UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00014-R

AMERISOURCEBERGEN DRUG CORP.                                    PLAINTIFF

v.

ADIO PHARMACY SERVICES, INC.                                    DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Motion for Leave to File an Amended Counterclaim (DN 30). Plaintiff has responded (DN 34) and Defendant has replied (DN 35). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Leave is GRANTED.

Also before the Court is Plaintiff's Motion for Partial Judgment on the Pleadings (DN 24). As Defendant's Motion of Leave is granted, Plaintiff's motion is DENIED.

## BACKGROUND

This action arises out of a contract dispute between AmerisourceBergen Drug Corporation ("ABDC") and ADiO Pharmacy Distribution Services, PLLC ("ADiO"). ABDC is a pharmaceutical services company with operations in United States, Puerto Rico, Canada, and the United Kingdom. ADiO is a professional limited liability company located primarily in Elizabethtown and Paducah, Kentucky that provides "pharmacy, patient, and consultant service for medical professionals and patients associated with hospitals, mental health centers, and behavioral health organizations." DN 31 at 3.

The relevant facts for this motion are as follows. In April of 2008, ABDC and ADiO entered into a Prime Vender Agreement ("PVA") whereupon ABDC agreed to supply ADiO

with 95% of the pharmaceuticals it required for three years. Over the next year and a half, the business relationship soured, largely as a result of the PVA's pricing terms. On January 27, 2010, ABDC commenced this action for improper termination and breach of the PVA by ADiO.

Following this action's initiation, the parties attempted to forge a settlement for several months. During that time, they mutually agreed that ADiO could delay filing its Rule 12 responsive pleading during the negotiations. On March 4, 2010, ABDC sent a correspondence to ADiO entitled "Letter of Intent" that outlined the relationship between the two parties in the event of a settlement and the terms under which the dispute might be resolved. DN 24-3 at 1-2. The letter included a section where representatives of ADiO could sign to confirm the parties' "mutual understanding" of the terms contained within the letter. DN 24-3 at 2. ADiO's Chief Executive Officer Victor Swami executed the document on March 5. DN 24-3 at 2. Despite this correspondence, the discussions between the parties ultimately collapsed and ADiO filed an Answer and Counterclaims on April 23, 2010. Following the breakdown of discussions between the parties, but before ADiO filed its responsive pleading, Swami allegedly had a conversation with an ABDC official about the correspondence of March 4. In that conversation, Swami states that ABDC "refused to abide by or otherwise honor the terms of the [March 4 letter] . . . based on the fact that [Swami] is originally from India and [ABDC] believe[d] that he [would] return to India rather than fulfill his obligations under [the March 4 letter]." DN 9 at 21.

Of ADiO's nine alleged counterclaims, numbers seven and eight dealt specifically with the letter of March 4. ADiO claimed that the letter represented an offer of settlement by ABDC that was accepted upon Swami's execution of the document on March 5. As such, ADiO's counterclaims sought remedies for ABDC's breach of the settlement agreement as well as

2

enforcement of its terms. In ADiO's ninth counterclaim, it alleged that ABDC chose not to abide by the settlement agreement of March 4 because of racially motivated discrimination against Swami, a violation of 42 U.S.C. § 1981.

Pursuant to this Court's scheduling order of June 2, 2010, all motions to amend pleadings were to be filed no later than January 7, 2011. DN 21. On June 30, ABDC filed a motion for judgment on the pleadings regarding ADiO's seventh, eighth and ninth counterclaims. The motion alleged that the facts did not support ADiO's allegation that the correspondence of March 4 was a binding agreement. ABDC also argued the ninth counterclaim, as originally set forth, did not constitute a violation of 42 U.S.C. § 1981; ABDC instead averred that the facts as pleaded in the counterclaim more aptly characterized discrimination on the basis of national origin, not on the basis of race. Since § 1981 does not protect against national origin discrimination, ABDC charged the claim was fatally defective.

Following the parties' responses and replies to the Motion for Judgment on the Pleadings, ADiO filed a Motion for Leave to Amend the counterclaims in question. In support of the motion, ADiO claims that with regard to the seventh and eighth counterclaims, new extrinsic evidence has been discovered that shows the letter of March 4 was a binding agreement. Additionally, ADiO asserts that a simple rewording of the ninth counterclaim would address ABDC's concerns regarding § 1981's application to race instead of national origin. Responding to this motion, ABDC objects to the proposed amendments because ADiO neglects to include the additional facts relating to the March 4 letter or a proposed amended counterclaim for the Court to review. ADiO's reply lays out the information it intends to incorporate into its Amended Counterclaim.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule directs that the "court should freely give leave when justice so requires." *Id*. This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Though courts in this circuit have denied a motion for leave to amend where there is a motion to dismiss also under consideration, the precedent indicates that such action should only be taken when the party seeking to amend its pleadings has failed to properly petition the court for leave. *See e.g.*, *L.A. Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (stating that where a party requested leave to amend its complaint in a response to a motion to dismiss, the motion was not properly before the court and denial of the request was appropriate); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (same); *Roskam Baking Co.*, 288 F.3d at 905-07 (same); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783-84 (6th Cir. 2000) (denying a post-judgment motion for leave to amend because proper procedure was not followed). Moreover, while a motion for leave under Rule 15(a) must

set forth with particularity the additional claims or information sought to be added to the pleading, the threshold for such a request is not overly burdensome. *See e.g.*, *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853-54 (6th Cir. 2006) (stating that a single sentence petitioning for leave without the proposed amended complaint is insufficient to satisfy the particularity requirement); *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) ("We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss - without any indication of the particular grounds on which amendment is sought . . . - does not constitute a motion within the contemplation of Rule 15(a).").

ABDC was correct in objecting to ADiO's original Motion for Leave to Amend; not only did the non-disclosure of the proffered amendments render impossible an examination of whether they were futile or in bad faith, but the federal rules required motions to be stated with particularity. Fed. R. Civ. P. 7(b)(1)(B). However, ADiO's reply took the appropriate steps to remedy these concerns, unambiguously putting forth the facts that it desires to include in counterclaims seven, eight, and nine. Upon careful review of these additional facts as well as the entire record, this Court has found no evidence that the Motion for Leave is futile, offered to delay, or in bad faith. The new facts to be introduced supports ADiO's claims that the letter of March 4 was more than merely a letter of intent and the rewording of the ninth counterclaim will allow the Court to address the § 1981 claim on the merits. For these reasons, the Motion for Leave to Amend is proper.

Allowing ADiO to amend its counterclaims does slightly prejudice ABDC concerning the time and money expended to prepare its Motion for Judgment on the Pleadings. Prejudice though in the context of granting Motions for Leave to Amend under Rule 15(a) arises typically

with inadequate time to conduct the necessary discovery on the new issue or serious delay to the overall proceedings. *See Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980); *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir. 1983). ABDC still has ample opportunity to investigate ADiO's new information without substantial dely to the proceedings. Nor is ABDC harmed through denial of its Rule 12(c) motion; it may challenge the legal sufficiency of ADiO's claims in a later motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56. Finally, this Court's Scheduling Order plainly sets forth January 7, 2011, as the deadline for motions to amend pleadings. To deny ADiO the right to amend its complaint in the face of the controlling precedent as well as this Court's past orders would be patently improper.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Defendant's Motion for Leave to File its Amended Counterclaim (DN 30) is GRANTED. IT IS FURTHER ORDERED that Plaintiff's Motion of Partial Judgment on the Pleadings (DN 24) is DENIED.